**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2107
_____

ONEIL R. BANSIE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A076-577-694)
Immigration Judge:  Honorable Leo A. Finston

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 14, 2014

Before:  FISHER, VANASKIE and GARTH, Circuit Judges

(Opinion filed: October 15, 2014)
_____

OPINION
_____

PER CURIAM

Oneil R. Bansie, a native and citizen of Jamaica proceeding pro se and in forma pauperis, petitions for review of the Board of Immigration Appeals' (BIA) final order of removal.  For the following reasons, we will deny the petition for review.

1

In 1998, Bansie voluntarily departed the United States after being ordered removed for overstaying his tourist visa. The next year, he reentered the United States, but was removed in 2004. Bansie's most recent reentry occurred in 2007. In May 2013, Bansie was issued a Notice of Intent/Decision to Reinstate Prior Order under Immigration and Nationality Act (INA) § 241(a)(5) [8 U.S.C. § 1231(a)(5)]. Bansie expressed a fear of returning to Jamaica because of gang activity. The Department of Homeland Security interviewed Bansie, found that his fear was reasonable, and issued a "Notice of Referral to Immigration Judge." Bansie then filed with the Immigration Judge (IJ) applications for withholding of removal and for protection under the Convention Against Torture (CAT).

After a merits hearing, during which Bansie and his father testified and various affidavits in support of their testimonies were presented, the IJ concluded that Bansie was not credible and that, alternatively, he had not shown a clear probability of persecution on account of membership in a particular social group. Based on the adverse credibility finding, the IJ concluded that Bansie was not eligible for CAT relief. The IJ concluded in the alternative that, even if Bansie's testimony were credible, he did not establish that it was more likely than not that he would be tortured with the consent or acquiescence of government officials. Thus, the IJ denied Bansie's applications. Bansie timely appealed the IJ's decision.

The BIA adopted and affirmed the IJ's decision and dismissed the appeal. The BIA concluded that the IJ's adverse credibility finding was not clearly erroneous, and that

without credible testimony Bansie failed to satisfy his burdens of proof for withholding of removal or CAT relief. Additionally, the BIA affirmed the IJ's alternative conclusion that, even if credible, Bansie failed to establish that he was eligible for relief. Bansie filed a timely petition for review.

We have jurisdiction to review a final order of removal under INA § 242(a)(1) [8 U.S.C. § 1252(a)(1)].[1] Because the BIA affirmed and adopted the IJ's decision, we review the IJ's decision along with the BIA's decision. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). We review factual findings, including adverse credibility determinations, under the substantial evidence standard. Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir. 2005). Factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." INA § 242(b)(4)(B) [8 U.S.C. § 1252(b)(4)(B)]. We exercise de novo review over legal decisions. See Sandie, 562 F.2d at 251.

Bansie argues that the BIA and the IJ failed to adequately explain the basis for the adverse credibility determination. We disagree. The IJ's adverse credibility finding was based on inconsistencies between Bansie's claims at his reasonable fear interview, his and his father's testimony at the merits hearing, and statements in the affidavit of Monica Edwards, who stated that she traveled to Jamaica to pay a ransom after Bansie was

---

[1] After filing his petition for review, Bansie was removed to Jamaica. We retain jurisdiction, however, and his petition for review is not moot. See Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 339 n.4 (3d Cir. 2008).

abducted by gang members. Specifically, Bansie testified that he, his father, and his family were targeted in Jamaica in 1998 by gang members demanding protection payments. The IJ noted that Bansie did not mention these incidents during his initial reasonable fear interview.[2] In addition, during the merits hearing, Bansie explicitly testified that the gang members initially targeted his father's business and later targeted the family home. His father testified, however that the first incident occurred at the family home and that the business was targeted afterward. Finally, although Bansie and his father claimed that Bansie was kidnapped and briefly held for ransom in Jamaica in 2004, Edwards stated that she traveled to Jamaica in May 2005 to deliver money to secure Bansie's release.

The inconsistencies described above provided an adequate basis for the adverse credibility determination. See Balasubramanrim v. INS, 143 F.3d 157, 162 (3d Cir. 1998) ("The Board should give specific reasons for its determination that a witness is not credible."). Given the inconsistent testimony, Bansie's credibility was clearly undermined, and we cannot conclude that any reasonable adjudicator would be compelled to conclude to the contrary. See Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir. 2008). The BIA and IJ therefore plausibly determined that Bansie was not eligible for

---

[2] This interview was not performed at a point of entry and Bansie had been in the United States approximately six years when it occurred. Cf. Xie v. Ashcroft, 359 F.3d 239, 246 (3d Cir. 2004) ("[T]his court has declined to give much significance to discrepancies in statements made when the applicant has arrived at the point of entry.").

4

withholding of removal or CAT relief.[3]  See Muhanna v. Gonzales, 399 F.3d 582, 589

(3d Cir. 2005) ("'An alien's credibility, by itself may satisfy his burden or doom his

claim' as to both withholding of removal and [CAT] protection . . . ." (quoting Dia v.

Ashcroft, 353 F.3d 228, 247 (3d Cir. 2003) (en banc)).

The BIA correctly affirmed the IJ's alternative finding that, even if Bansie's

testimony were credible, he had not established that he was eligible for withholding of

removal.  Bansie claimed that he was targeted by Jamaican gangs for persecution,

including extortion and kidnapping, due to his father's wealth.  The IJ concluded that the

incidents that Bansie allegedly endured were the result of general violence or crime, and

were motivated by the gangs' desire to illegally obtain money.  The BIA agreed with the

IJ's conclusion, noting that the fact that Bansie might be targeted in schemes to extort

money from his father does not qualify as persecution.  See Abdille v. Ashcroft, 242 F.3d

477, 494-95 (3d Cir. 2001) (holding that violence that does not stem from particularized

animosity, but rather from a financial incentive, does not constitute persecution).

Bansie also relied on the same fear of harm in support of his request for CAT

relief.  While he argues that the Jamaican government has ties to gang members and

criminal activity, the record contains no evidence that a member of the government has

targeted him, will target him, or consented to or acquiesced to his targeting.  See Roye v.

Att'y Gen., 693 F.3d 333, 343 (3d Cir. 2012) ("Under the CAT and its implementing

---

[3] Bansie did not present any evidence that he would be tortured for reasons unrelated to his claims for withholding of removal.

5

regulations, in order to prove that a public official will consent to or acquiesce in torture, an alien must demonstrate that 'the public official, prior to the activity constituting torture, [had] awareness of such activity and thereafter breach[ed] his or her legal responsibility to intervene to prevent such activity.'" (alterations in original) (quoting 8 C.F.R. § 1208.18(a)(7))).  Therefore, Bansie is not entitled to CAT relief.

Finally, Bansie argues that his attorney provided ineffective assistance.  But because he did not raise this claim before the BIA, it is not properly before us.  See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). For the foregoing reasons, we will deny the petition for review.